IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 27, 2007

Charles R. Fulbruge III
Clerk

No. 07-30460
Summary Calendar

MARY MEDLIN

Plaintiff-Appellant

V.

AFTON NEWMAN; EMPIRE FIRE & MARINE INSURANCE CO.; UNIVAR
USA INC., formerly known as Vopak USA Inc.

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:03-CV-113

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

In this diversity action applying Louisiana law, Mary Medlin contests the
summary judgment awarded Afton Newman and Empire Fire and Marine
Insurance Company against Medlin's claims of injurious exposure to the toxic
fumes of hydrochloric acid.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Newman was driving a tractor-trailer truck, loaded with 12 300-gallon plastic totes of hydrochloric acid, on Interstate 10 in Louisiana on 16 November 2001. Newman pulled onto the shoulder of the interstate after being alerted by the driver of another truck that fluid was leaking from his truck. He contacted proper authorities and later learned three totes of hydrochloric acid had ruptured. Medlin alleges she was exposed to toxic fumes while stopped directly behind Newman's truck.

On 19 April 2007, summary judgment was granted for failure to meet a threshold burden of showing exposure to injurious hydrochloric acid fumes. (Of the several plaintiffs who filed this action, only Medlin appeals.) The district court held: Medlin failed to submit any evidence, other than self-serving testimony, that she was exposed to harmful levels of hydrochloric acid; and, an unsupported self-serving declaration is inadequate to overcome a motion for summary judgment.

A summary judgment is reviewed de novo, applying the same standard as the district court. Jones v. Robinson Prop. Group, L.P., 427 F.3d 987, 991-92 (5th Cir. 2005). Such judgment is proper if, viewing the evidence in the light most favorable to the nonmovant, there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Id. at 992; FED. R. CIV. P. 56(c).

Medlin maintains, inter alia: the district court disregarded material summary-judgment evidence; and the summary-judgment evidence supports all of the essential elements of her claim. These contentions fail. Essentially for the reasons stated in the district court's opinion, summary judgment was proper.

Neither testimony from her treating physician nor testimony from other medical reports support Medlin's claim of exposure to harmful levels of hydrochloric acid. The record lacks admissible technical expert testimony corroborating exposure and contains only self-serving testimony that might

support Medlin's claims. Unsupported assertions are insufficient to defeat a motion for summary judgment. Clark v. America's Favorite Chicken Co., 110 F.3d 295, 297 (5th Cir. 1997).

Medlin asserts she is entitled to a presumption of causation in support of her claim. Under Louisiana law, such a presumption arises if the following elements are met: (1) the claimant was in good health prior to the accident; (2) commencing with the accident, the symptoms of the disabling condition appeared and continuously manifested themselves afterwards; and (3) medical evidence shows there is a reasonable possibility of a causal connection between the accident and the disabling condition. Housley v. Cerise, 579 So. 2d 973, 980 (La. 1991).

The presumption is inapplicable here because, as the district court determined, Medlin could not even show as a threshold matter that there was an "accident", i.e. that she was exposed to a harmful substance. Furthermore, the presumption does not apply because Medlin failed to offer medical evidence showing the possibility she developed disabling conditions due to the hydrochloric acid leak.

For the first time on appeal, Medlin asserts she is entitled to damages under a nuisance theory based on noxious smells to which she was allegedly exposed. In reviewing a summary judgment, this court will consider only those claims presented to the district court. See Keelan v. Majesco Software, Inc., 407 F.3d 332, 339 (5th Cir. 2005).

AFFIRMED.